## WHITNEY v. CILLEY.

Under the Revised Statutes, chapter 208, section 7, the trustee's answer may be prepared out of court, and with the aid of counsel.

FOREIGN ATTACHMENT. The plaintiff, having elected to take the disclosure of the trustee, filed an interrogatory for that purpose. To this interrogatory an answer was prepared out of court, in the absence of the plaintiff's attorney, and in the hand-writing and under the immedi-

ate direction of the attorney for the trustee, and was furnished to the plaintiff's attorney as the disclosure of the trustee. The plaintiff's attorney objected to receive the same as such disclosure, or any part thereof, or as a proper answer to said interrogatory, and moved the court for an order on the trustee to make answer in open court.

*G. Y. Sawyer*, for the plaintiff. The attorney of the trustee ought not to prepare his answers for him, nor write them. The statute, chapter 208, section 7, Revised Statutes, requires that "every person summoned as trustee, as aforesaid, may be put to interrogatories as to his liability as such trustee; which interrogatories and answers shall be in writing, and subscribed and sworn to in open court, or before some justice of the peace, if the parties agree." This intends that the disclosure shall be in the hearing of those in interest.

*D. Clark*, for the trustee. The practice has been for the plaintiff to file interrogatories, and then for the other side to answer. The statute requires that the answers shall be in writing, and he shall be allowed an attorney.

In Massachusetts an attorney may make and subscribe the answer.

GILCHRIST, J. The Revised Statutes, chapter 208, contain general provisions concerning the trustee process, and for ascertaining whether the party summoned is chargeable as having the effects of the principal debtor, subject to the claims of the creditor. In addition to such disclosure as the trustee may exhibit upon the return of the process, the plaintiff has the right of subjecting him to special interrogatories, tending to elicit the facts that may be pertinent to the general question. In addition to this, he is entitled to an inquiry before a jury, and to their verdict upon the evidence, including the examination of the

trustee, taken in the manner that is pointed out by the statute referred to. Sec. 28.

The question here presented is, whether the answer of the trustee, prepared by his attorney, or with his aid and under his advice, is a sufficient answer within the meaning of the 7th section of the chapter.

We are not to suppose that the statutes in relation to this subject have been framed upon the hypothesis that the trustee has, in general, a motive or a desire to evade his just liability to the plaintiff, since the demand of the plaintiff is only to the extent of the just claims of the principal defendant, and it is not to be presumed that the trustee has any choice between the parties to whom he may deliver the effects in his hands, and so discharge himself of his trust. There exists no legal presumption that the trustee will seek, by false or evasive answers, to gratify a possible preference that he may have between the two different modes that have been suggested, for effecting his own discharge from a clear obligation.

His examination, therefore, is like the examination of a party by his answer in equity, and he is, for obvious reasons, entitled to the aid and advice of counsel, to guard him against inadvertent admissions and statements that might have the effect of charging him unjustly, and against his meaning and purpose. A different practice might lead to very injurious consequences as it regards the trustee himself, and the course suggested by the motion would be a highly inconvenient one.

There seems to be nothing in the 7th section of the statute, or in the 27th, relating to a like proceeding, that requires the examination to be in the presence of the plaintiff. It requires the answer to be in writing, and does not require any oral communication between the party making it and any other party. This leaves him the right to set down the answer himself, or to cause another to do it for him; and it is difficult to imagine any

just reason for the claim of the plaintiff to be present while the necessary instructions for drawing up the answers are given, or any fair advantage that he could derive from being present on such occasions.

The law has afforded him, by the privilege of extended examination and an ultimate appeal to the jury, all requisite facilities for detecting evasion or falsehood in the conduct of the trustee, and of charging him accordingly. In this proceeding the statute contemplates no more than that the trustee swear to the written answers. By this his conscience is bound, and the penalties of the law that follow upon false answers are incurred as fully as they would be by the practice suggested.

*Motion denied.*